**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

ANNE REYES,

    Plaintiff,

v.

MIAMI MANAGEMENT INC.,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, ANNE REYES (hereinafter, "REYES" or Plaintiff), by and through her undersigned attorney, hereby files her Complaint, and sues Defendant, MIAMI MANAGEMENT, INC. (hereinafter, "MMI"), and says:

**JURISDICTION AND VENUE**

1. This is an action for retaliation with Plaintiff's rights under the Family and Medical Leave Act of 1993, ("FMLA") 29 U.S.C. §§ 2601, *et. seq.*, seeking damages, costs, and attorney's fees. This is also an action pursuant to 29 U.S.C. § 201, *et seq.* (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. This Court has jurisdiction of the claims asserted in this complaint pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

3. The unlawful acts complained of herein occurred within the Southern District of Florida making venue proper in this District. At all times, Plaintiff performed work within Broward County.

4. Plaintiff has met all conditions precedent to the maintenance of this action or said conditions have been waived.

1

## PARTIES

5.	Plaintiff is a citizen and resident of Broward County, over the age of eighteen years and otherwise *sui juris*.

6.	At all times relevant hereto, MMI was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year during the relevant time period.

7.	MMI is a Florida corporation and registered to do business within the State of Florida. Defendant conducts substantial business within the Southern District of Florida and all the events complained of herein occurred within the District.

8.	Plaintiff was an employee covered by the FMLA in that she was employed for at least 12 months and at least 1,250 hours prior to her leave, which commenced on March 10, 2017. REYES is therefore an "employee" under 29 U.S.C. § 2611(2).

9.	Defendant MMI is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10.	At all times material to this Complaint, Defendant MMI has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11.	Defendant, upon knowledge and belief, have gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

## **GENERAL ALLEGATIONS**

12.    REYES was an employee of MMI continuously from 2012 through March 2017. REYES held the title of Administrative Assistant.

13.    Plaintiff is an exempt employee of Defendant and is subject to the payroll practices and procedures set forth herein. During the three (3) years of the filing of this Complaint, Plaintiff regularly worked more than 40 hours per week.

14.    At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

15.    On average, Plaintiff estimates that she worked 45 hours per work week. Plaintiff was automatically deducted time for her lunch (30 minutes), but regularly worked through her lunch. Defendant was aware of this practice, but did not pay Plaintiff for days in which she worked through lunch.

16.    Further, Plaintiff frequently would stay an hour later as needed, or come in earlier than her shift. However, she was typically only compensated for the 37.5 hours per week.

17.    Defendant maintained complete control over the hours Plaintiff worked and knew she worked more than she was actually paid.

18.    On or about March 10, 2017, REYES went into diabetic shock and was in a diabetic coma. She was hospitalized for about one week and missed five (5) days of work. REYES was discharged, but then readmitted the next day with fluid in her lungs. Plaintiff was then hospitalized for an additional two and one half weeks.

19.    Throughout this ordeal, Plaintiff kept her employer informed of her diagnosis and prognosis either herself, or through her children. Plaintiff specifically expressed concern

regarding her job security given that she was missing nearly a month of work due to various health issues.

20. At no point did Defendant advise REYES of her rights under the FMLA or her ability to apply for job-protected leave despite Defendant's knowledge of exactly why Plaintiff was missing work.

21. On or about April 1, 2017, Plaintiff received two letters: one (Exhibit A) was dated March 17, 2017 and stated that REYES was "falling behind in [her] daily workload" and that her absences "cannot hinder [her] ability to complete [her] workload." On March 17, 2017, Plaintiff had been in the hospital for about one week. The other letter (Exhibit B) was dated March 30, 2017 and terminated Plaintiff's employment because of her continued absences and the "considerable burden" said absences had placed on the company.

22. At no point during the several phone calls and/or text message conversations that REYES had with Defendant (through its manager, Kristina Dumornay) did MMI advise REYES that her job was at risk or that she was terminated.

23. At the time both letters were drafted Plaintiff was in the hospital for her own serious medical condition.

24. At the time of her termination, MMI knew that Plaintiff should have been offered FMLA and should have received job-protected leave under the law.

25. Plaintiff has hired the undersigned firm to represent him in her claims and has agreed to pay it a reasonable fee.

26. All conditions precedent to this action have been performed or have been waived.

## COUNT ONE: VIOLATION OF THE FMLA
## (RETALIATION)

27. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–5, 12, and 18–26 above as though the same were fully set forth herein.

28. This is an action under the Family and Medical Leave Act of 1993 (29 U.S.C. §§ 2601 et seq.) for retaliation in violation of 29 U.S.C. § 2615(a)(1).

29. At all times relevant, Defendant MMI was Plaintiff's "employer" as defined under the FMLA, 29 U.S.C. § 2611.

30. Plaintiff gave sufficient notice to her employer of her need for leave under the FMLA as she advised them she was hospitalized as soon as she could. At no point, however, did MMI advise REYES of her rights to receive leave under the FMLA.

31. REYES was then absent from work from March 10, 2017 through April 5, 2017.

32. REYES was prepared to come back to work on April 6, 2017 and is currently able to perform her duties as an Administrative Assistant.

33. However, REYES was terminated while she was on leave on March 30, 2017. At no point prior to her receipt of the March 30, 2017 termination letter was REYES admonished for work performance or otherwise advised that her job was at risk.

34. Immediately upon REYES's return to work on April 3, 2016, Defendant terminated REYES' employment without valid cause.

35. Plaintiff's termination constitutes an adverse employment action.

36. The fact that REYES was entitled to leave under the FMLA was a "protected activity" under the FMLA.

37. REYES's absences were, at minimum, a motivating factor in Defendant's decision to terminate REYES's employment.

38. Defendant's purported reason(s) for terminating Plaintiff are pretextual as Plaintiff was not advised that her performance was lacking, nor advised that her employment was at risk.

39. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of Defendant's employees should be imputed to Defendant.

40. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

WHEREFORE, Plaintiff ANNE REYES requests:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## COUNT TWO: VIOLATION OF THE FMLA (INTERFERENCE)

41. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1–5, 12, 18–26 above as though the same were fully set forth herein.

42. REYES was eligible for FMLA leave for her own serious medical condition pursuant to 29 U.S.C. § 2612(a)(1)(D). REYES advised her employer of her hospitalization on or about March 10, 2017 and re-admittance on or about March 20, 2017.

43. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave, and be restored to her position or its equivalent.

44. When Defendant terminated Plaintiff, Defendant interfered with REYES' right to her position (or its equivalent) and thus violated the FMLA.

45. As a direct result of her termination, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits. Further, Plaintiff is 70 years old and mobilizes using a walker. At this point, it will be considerably difficult for Plaintiff to find comparable employment.

46. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a).

47. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

48. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

49. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff ANNE REYES requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

  d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

  e. Such other relief as the Court deems just and proper.

## COUNT THREE – VIOLATION OF FLSA / OVERTIME

50. Plaintiff re-alleges and re-avers paragraphs 1–11 and 13–17 as though fully set forth herein.

51. Since the commencement of Plaintiff's employment, but specifically in the three (3) years prior to this suit, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing Plaintiff who was engaged in commerce for workweeks longer than forty (40) hours without compensating her for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

52. Specifically, REYES worked approximately 45 hours during each work week in which she was employed during the relevant time period, but was compensated at an hourly rate for only 37.5 regular hours.

53. REYES frequently worked through her lunch hour, came in earlier, and left later than her scheduled hours, all of which Defendant knew of and allowed.

54. It is assumed, without access to all the relevant records which Plaintiff believes are in the possession, custody, or control of Defendants, that Plaintiff's time spent actually working for Defendant was not fully compensated and that she is owed payment for her hours worked over 40.

55. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither bona fide executive,

administrative, or professional employees. Plaintiff was an Administrative Assistant, but had no independent decision-making authority.

56. Defendant knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

57. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

58. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

59. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff ANNE REYES demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ANNE REYES, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated: June 13, 2017.

                              **EISS MASSILLON, P.L.**
                              Attorneys for Plaintiff
                              7951 SW 6th Street, Suite 308
                              Plantation, Florida 33324
                              (954) 914-7890 (Telephone)
                              (855) 423-5298 (Facsimile)

By:    **/s/ CHARLES EISS**
          CHARLES M. EISS, Esq.
          Fla. Bar #612073
          Chuck@eissmassillon.com
          LINDSAY M. MASSILLON, Esq.
          Fla. Bar #92098
          Lindsay@eissmassillon.com